J. S. Carroll v. The State.

No. 4146.   Decided April 28, 1909.

Local Option—Amendment—Affidavit—Jurat—Information.

Where upon trial of a violation of the local option law, it was discovered by the court and the defendant after conviction that the county attorney had failed to sign the jurat to the affidavit upon which the information was based, and that the county attorney after the information and affidavit were filed completed said jurat by officially signing his name thereto without calling the court's or defendant's attention thereto, such action was unauthorized and reversible error.

Appeal from the County Court of Hays. Tried below before the Hon. Ed R. Kone.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Will G. Barber,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for violating the local option law.

There was a motion in arrest of judgment made, urged and overruled. The facts in this connection are embodied in a bill of exceptions, and shows that on the 22d of April, 1908, an affidavit was made by T. J. Jackman charging appellant with violating the local option law, and that on the same day an information was filed; that both pleadings were filed on the 22d of April; that after filing these papers the county clerk called the county attorney's attention to the fact that he had not signed the jurat, the oath having been administered by the

county attorney; that he caused the county attorney to sign his name as the swearing officer on the 23d day of April, the day after the complaint and information were filed. It is also stated in the bill of exceptions, as a matter of fact, that the county attorney did swear Jackman, the affiant, at the time he took the affidavit, but that he did not, as such officer, sign the complaint as a swearing officer, or make his jurat to that effect; that his signature officially to the complaint, as the swearing officer, was made without the knowledge or consent of appellant or the court, and that it was never called to the attention of appellant nor was he aware of it, nor was the court aware of it until after the conviction. We believe, under this state of case, this was error. It has been repeatedly held by this court, and in an unbroken line of decisions, that the jurat of the swearing officer is essential to a complaint, and the decisions have gone sufficiently far to hold that this could not be done after conviction so as to make a complaint good, or as a basis, rather, of a valid information. This line of decisions are based upon the theory that an information can not be predicated upon an insufficient complaint, and that a legal complaint is requisite by the statute as a basis or authority for the filing of an information. This complaint would have been sufficient if, prior to the trial of the case, this matter had been brought to the attention of the court, and the facts all introduced, and the court thereupon had entered an order authorizing an amendment or the signature of the officer after due notice to appellant. But certainly, even if that had been permissible, it ought not to be held that a party to a case, or an attorney in the case, could go among the filed papers of a cause and add to or detract from, or in any manner change or amend the pleadings, without permission of the court. Such a proceeding as this should not be held valid. Amendments to indictments and practice of this sort have been provided for by statute, and where papers have been filed in a cause they become part of the court records, and must remain as such unless amendments or changes are authorized by the court after a full and fair hearing, and as authorized by law.

This judgment is therefore reversed, and the cause remanded.

*Reversed and remanded.*